UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:11-CR-71 |
| | ) | |
| STANLEY WEEMS | ) | |

### MEMORANDUM OPINION AND ORDER

On November 28, 2011, the defendant, Stanley Weems, entered a plea of guilty to a charge of production of child pornography in violation of 18 U.S.C. § 2251(a). On April 20, 2012, the defendant was sentenced to a term of 180 months of imprisonment pursuant to his Rule 11(c)(1)(C) plea agreement. Upon motion of the government, the Court delayed imposing restitution so that losses could be ascertained. A supplemental addendum to the presentence report has now been filed by the United States Probation Office and the defendant has not objected. The government seeks a restitution order for $295.00 in unreimbursed expenses for medical examinations and mental health treatment, $2,621.35 in lost wages and $445.50 in mileage reimbursement incurred by the parent of the minor victim related to the victim's treatment and court proceedings. The victim also requests a minimum of $150,000 in restitution pursuant to 18 U.S.C. § 2255.

Section 2259 of Title 18 of the United States Code mandates restitution in all cases involving the sexual exploitation and abuse of children. Pursuant to that section, the Court must award restitution to victims in "the full amount of the victim's losses" and the statute specifically forbids the court from declining to issue an order under this section because of "(i) the economic circumstances of the defendant; or (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2259(b)(1); (b)(4)(B)(i) and (ii).

Section 2259 defines a "victim" as an "individual harmed as a result of a commission of a crime

under [Chapter 110 of Title 18]." 18 U.S.C. § 2259(c). The "full amount of the victim's losses" is defined to include any costs incurred by the victim for:

> A) medical services relating to physical, psychiatric, or psychological care;
> B) physical and occupational therapy or rehabilitation;
> C) necessary transportation, temporary housing, and child care expenses;
> D) lost income;
> E) attorneys' fees, as well as other costs incurred; and
> F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3). The procedure for the issuance of enforcement of an award of restitution under § 2259 is governed by the Mandatory Victims Restitution Act of 1996, 18 U.S.C. §§ 3663A, 3664. See 18 U.S.C. § 2259(b)(2). The government has the burden of proving by a preponderance of the evidence "the amount of the loss sustained by a victim." 18 U.S.C. § 3664(e).

The victim in the case is clearly entitled to an order of restitution for the medical expenses incurred and for the lost wages and transportation expenses related to treatment and court proceedings, in the total sum of $3,361.85. The victim is also entitled to an order of restitution for the costs of future treatment; however, the government has offered absolutely no proof of what the cost of the future treatment would be. The government does, on behalf of the victim, rely, however, on 18 U.S.C. § 2255 to justify an award of restitution in the amount of $150,000 as a minimum amount in this case. The government's reliance on 18 U.S.C. § 2255, however, is unpersuasive to the Court in this criminal case.

Section 2255 provides the victim of a child sex offense with a *civil* remedy for personal injury suffered as a result of various offenses related to the sexual exploitation of children, including a violation of 18 U.S.C. § 2251, as in this case. The statute provides that in the event a civil action is brought, the victim "shall be deemed to have sustained damages of no less than $150,000 in value." 18 U.S.C. §

2

2255. The government appears to conflate the concept of *damages* in a civil case with a victim's *losses* in a criminal case. An order of restitution in a criminal case is a statutorily based award of compensation for specific losses suffered by a victim and "not a judicial determination of damages." *United States v. Barnette*, 10 F.3d 1553, 1556 (11th Cir. 1994). "Restitution and the total amount of damages are not always the same thing." *United States v. Ferenci*, 2009 WL 2579102, at *5 (E.D. Cal. Aug. 19, 2009). In this Court's view, therefore, 18 U.S.C. § 2255, providing for an award of liquidated damages in a civil case, has no application on the question of restitution in this criminal case.

In short, the government has carried its burden of proof with respect to losses in the amount of $3,361.85 for expenses already incurred but has not carried its burden of proof with respect to any of the other amounts claimed by the victim. The Court will order restitution in the amount of $3,361.85.

So ordered.

ENTER:

                                                  s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE