UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:11-CR-00071-JRG-1 |
| | ) | |
| STANLEY WEEMS | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 123].[1] The Government filed a response in opposition [Doc. 125]. Defendant filed an amended motion through counsel [Doc. 133] which was opposed by the Government [Doc. 135]. For the reasons discussed below, Defendant's motions for compassionate release will be **DENIED**.

Also before the Court are Defendant's other pending motions [Docs. 136, 140, 144, 145], which the Court will also address below.

### I. BACKGROUND

On April 30, 2012, Defendant was sentenced to 180 months of imprisonment based on his conviction for production of child pornography in violation of 18 U.S.C. § 2251 [Doc. 48]. Defendant is presently housed at Seagoville FCI, and according to the Bureau of Prisons ("BOP"), his projected release date is June 24, 2024. *See* Inmate Locator, Bureau of Prisons,

---

[1] In his pro se motion [Doc. 123], Defendant asks whether he is eligible for relief under 18 U.S.C. § 3582(c)(1)(A), the Second Chance Act or the "Safe Care Act," by which Defendant may have meant the CARES Act. To the extent Defendant seeks home confinement pursuant to the Second Chance Act or the CARES Act, his motion is denied because the Bureau of Prisons, not the Court, can grant relief pursuant to those statutes.

https//www.bop.gov.inmateloc/ (last visited March 21, 2022). He moves for compassionate release based on his age, health conditions, and the COVID-19 pandemic [Doc. 133, ¶¶19–24].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the

policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

III. **ANALYSIS**

    A. **Exhaustion**

Defendant submitted a compassionate release request to the warden at his facility on April 21, 2020 [Doc. 135-1], and his request was denied on April 22, 2020 [Doc. 135-2]. The Government points out that Defendant mentions his age, but not his health conditions, as a COVID-19 risk factor in his administrative request and asks the Court to dismiss without prejudice Defendant's health-related arguments [Doc. 135, at 1, 8–9]. While Defendant did not specifically mention his health concerns in his administrative request, which he apparently filed with the help of his daughter, he based his request for relief on his vulnerability to COVID-19, which is the same argument Defendant raises here. The Court also notes that a strict application of the exhaustion requirement in this case would not serve the Court's interest in judicial efficiency. Thus, the Court finds that the exhaustion requirement has been satisfied and will consider the merits of Defendant's motion in its entirety.

    B. **Merits**

        1. **Extraordinary and Compelling Reasons**

As mentioned above, Defendant seeks compassionate release based his age and health conditions amid the COVID-19 pandemic [Doc. 133, ¶¶19–24]. Defendant is seventy-eight (78) years old [Presentence Report ("PSR"), at 2] and suffers from vertigo, skin lesions, and dental issues, as documented in his medical records from the BOP [Doc. 137]. Medical records also indicate that Defendant previously suffered from cancerous skin lesions, which were removed [*See*

Doc. 137-1, at 12, 13, 15]. The CDC recognizes that older adults are at the "highest risk" of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 21, 2022). None of Defendant's current health conditions are recognized by the CDC as special risk factors for COVID-19 complications. *See id.*

While Defendant's age may increase his vulnerability to COVID-19, the virus appears to be fairly well controlled at his prison. The BOP reports that Seagoville FCI currently has one confirmed case of COVID-19 among the inmate population and one confirmed case among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 21, 2022). A future outbreak is possible, but "speculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release." *See United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

The danger posed by COVID-19 is also mitigated by the availability of vaccines. At Defendant's prison, 1,611 inmates have been fully vaccinated, as well as 201 staff members. *See COVID-19 Vaccine Implementation*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited March 21, 2022). While the Court is not aware of Defendant's vaccination status, the high number of vaccinations at his prison strongly suggests that the vaccine has been made available to him. A defendant's "access to the COVID-19 vaccine substantially

4

Case 2:11-cr-00071-JRG   Document 146   Filed 03/24/22   Page 4 of 7   PageID #: 706

undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Given that Defendant does not appear to suffer from any health conditions that place him at special risk from the virus, the absence of a COVID-19 outbreak at his prison, and the availability of the vaccine, the Court does not find that Defendant's risk of serious illness from COVID-19 constitutes an extraordinary and compelling reason for release.

### 2. 18 U.S.C. § 3553(a) Factors

Even if the Court found that Defendant has shown extraordinary and compelling reasons for compassionate release, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction. Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

Most significantly, the nature of Defendant's offense militates against a sentence reduction. Defendant pled guilty to production of child pornography [*See* Doc. 32]. In his plea agreement,

5
Case 2:11-cr-00071-JRG   Document 146   Filed 03/24/22   Page 5 of 7   PageID #: 707

he admitted that he produced pornographic video of a minor victim, aged seventeen (17), engaging in sexual activity with prostitutes hired by Defendant [*Id.*, ¶ 4]. The victim was fourteen (14) years old when Defendant first had sexual contact with him, according to the victim's affidavit [PSR, ¶ 12]. Police also found Defendant in possession of a sexually explicit video of his 15-year old granddaughter [PSR, ¶ 13]. The Court finds that Defendant's criminal conduct was serious and raises concerns that he is an ongoing danger to minors, even at his advanced age.

Two factors weigh somewhat in favor of Defendant. First, Defendant does not have a prior criminal record, apart from the instant offense [*See* PSR, ¶ 30]. Also, Defendant has served a substantial portion of sentence. Of his original sentence of 180 months, 27 months remain. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). However, the Court finds that these positive factors are outweighed by the seriousness of Defendant's offense.

A defendant's rehabilitation is relevant to the Court's review of the § 3353(a) factors. Defendant asserts that he has completed numerous classes and has worked steadily since his incarceration [Doc. 133, ¶¶ 13–14]. However, he has not submitted any evidence of these rehabilitative efforts or his disciplinary record.[2]

After considering the applicable § 3353(a) factors and all evidence of record, the Court finds that the § 3353(a) factors weigh against granting compassionate release at this time. In particular, given the nature of Defendant's criminal conduct, a sentence reduction in this case

---

[2] The Government asserts that as recently as 2020, Defendant incurred a disciplinary infraction for possession of pornographic materials [Doc. 135, at 12], but has not submitted records of that infraction to the Court.

would not reflect the seriousness of the offense of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant.

## IV. OTHER MOTIONS

The Court now turns to Defendant's other pending motions. The Court has reviewed Defendant's proposed sealed document [Doc. 137] and for good cause shown, Defendant's motion for leave to file document under seal [Doc. 136] is **GRANTED**. Defendant's motion to expedite [Doc. 144] is **DENIED as moot**. Defendant's motion to withdraw his pro se motion to vacate judgment [Doc. 145] is **GRANTED** and the Court **ORDERS** that Defendant's pro se motion to vacate judgment [Doc. 140] be **TERMINATED as moot**.

## V. CONCLUSION

Defendant's motion for compassionate release [Doc. 123, 133] is **DENIED** because he has not shown extraordinary and compelling reasons warranting relief, and even if he has, the § 3353(a) factors weigh against release. Defendant's other pending motions [Docs. 136, 140, 144, 145] are resolved as noted above.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

7
Case 2:11-cr-00071-JRG   Document 146   Filed 03/24/22   Page 7 of 7   PageID #: 709